145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SILVER SAGE PARTNERS, LTD., a California Limited
Partnership; Robert E. Fillett; Paul Saben,
Richard L. Earlix, general partners and
individually; and Michael S.
Linsk, Individually,
Petitioners,
v.
United States District Court for the Central District of
California; Respondent,
City of Desert Hot Springs; City Council for the City of
Desert Hot Springs; John Isaacs, Mayor; Al Smith
Danile Been, Mike Segrist and Sue Wood,
et al. Real Party in Interest.
 No. 97-71102.
D.C. No. CV-91-06804-CBM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1998.
Decided May 15, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California Consuelo B. Marshall, District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges and SMITH, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Silver Sage Partners, Ltd. ("Silver Sage") petitions this court for a writ of mandamus following a district court order awarding the City of Desert Hot Springs and other defendants (collectively, the "City") a new trial on the issue of damages. We have jurisdiction under 28 U.S.C. § 1651(a), and we deny the petition.
 
 
 5
 The All Writs Act, 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A writ of mandamus is an extraordinary remedy. The writ " 'has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." ' Credit Suisse v. United States District Court, 130 F.3d 1342, 1345 (9th Cir.1997) (quoting Bauman v. United States District Court, 557 F.2d 650, 654 (9th Cir.1977)). The petitioner must satisfy the "burden of showing that [its] right to issuance of the writ is 'clear and indisputable." ' Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (quoting United States v. Duell, 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899)).
 
 
 6
 We look to five specific guidelines when determining whether a writ should issue:
 
 
 7
 (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.
 
 
 8
 Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977) (citations omitted); see also Credit Suisse, 130 F.3d at 1345. None of the guidelines is determinative and all five need not be satisfied for a writ to issue. See Credit Suisse, 130 F.3d at 1345. Indeed, the guidelines will rarely all point in the same direction or all be relevant or applicable. See id.
 
 
 9
 We conclude that Silver Sage is unable to meet its high burden. The basis of Silver Sage's petition is the district court's award of a new trial. It is well-established that "[a] trial court's ordering of a new trial rarely, if ever, will justify the issuance of a writ of mandamus." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam). An application of the Bauman guidelines confirms that this petition does not present an exception to this general rule.
 
 
 10
 First, the district court order granting new trial and remittitur and all determinations relating thereto are fully reviewable on appeal from a final judgment. "Consequently, it cannot be said that [Silver Sage] 'has no other adequate means to seek the relief [it] desires." ' Allied Chem. Corp., 449 U.S. at 36. The record does not support Silver Sage's allegation that the district court artificially capped the damage award or deliberately delayed the proceedings to prevent direct appeal.
 
 
 11
 Second, Silver Sage has failed to show that the district court's order is clearly erroneous as a matter of law. Silver Sage isolates one ambiguous paragraph in the order and uses it to attribute nefarious intentions to the district court. The new trial order, however, was based on such issues as causality, insufficiency of the evidence, and failure to mitigate. Silver Sage has not shown that those findings were clearly erroneous.
 
 
 12
 Third, the court's order is not an oft-repeated error and does not manifest persistent disregard for the federal rules. The record does not support Silver Sage's allegation that the district court refused to hear it on the merits of the new trial order. Finally, the order does not raise new and important problems or issues of law of first impression.
 
 
 13
 In sum, Silver Sage has not carried its burden of showing that its right to issuance of the writ is " 'clear and indisputable." ' See Bankers Life & Cas. Co., 346 U.S. at 384 (quoting United States v. Duell, 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899)). Any error by the district court in its new trial order is correctable on appeal. We encourage the district court and the parties to strive for promptness in all subsequent proceedings.
 
 
 14
 DENIED.
 
 
 
 **
 Hon. Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3